# United States Court of Appeals
## For the First Circuit

No. 24-1397

SOSCIA HOLDINGS, LLC,

Plaintiff, Appellant,

v.

STATE OF RHODE ISLAND; RHODE ISLAND DEPARTMENT OF ENVIRONMENTAL
MANAGEMENT ("DEM"); TERRENCE GRAY, DIRECTOR OF DEM, AND DAVID E.
CHOPY, DEM ADMINISTRATOR, individually and in their official
capacities,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

[Hon. Landya B. McCafferty,* U.S. District Judge]

Before

Gelpí, Lynch, and Howard,
Circuit Judges.

Richard E. Fleury, with whom Patrick J. Dougherty and
Dougherty & Associates Law, Inc. were on brief, for appellant.

Nicholas M. Vaz, Special Assistant Rhode Island Attorney
General, with whom Peter F. Neronha, Rhode Island Attorney General,
was on brief, for appellees.

---

* Of the District of New Hampshire, sitting by designation.

February 13, 2026

**PER CURIAM**.  Soscia Holdings, LLC brought, under 42 U.S.C. § 1983, federal constitutional claims and pendent state constitutional and other claims against the State of Rhode Island, its Department of Environmental Management ("DEM"), and two state DEM officials in both their individual and official capacities. The actions arose from DEM's acting in July 2022 under Rhode Island General Laws § 46-19.1-1, the "Permits required for certain dams" statute ("Permitting Act"), directing Soscia, as operator of the Flat River Reservoir Dam ("Dam"), to reduce the Dam's water flow, inter alia, in order to keep the water level at certain heights in the upstream Johnson's Pond.  On June 15, 2023, the U.S. District Court for the District of Rhode Island dismissed all claims against the State of Rhode Island and DEM on Eleventh Amendment immunity grounds, dismissed the § 1983 individual capacity claims against the two DEM officials on qualified immunity grounds, and dismissed the claim under the Rhode Island Constitution.  Soscia Holdings, LLC v. Rhode Island, 677 F. Supp. 3d 55, 60, 66-71 (D.R.I. 2023). It denied the motion to dismiss the § 1983 official capacity claims against the two DEM officials for prospective injunctive relief. Id. at 60.

After that order dismissed most of its claims, Soscia amended its complaint several times, asserting DEM had assessed a civil penalty of $23,000 against it for violations of the

- 3 -

Permitting Act and the Rules and Regulations adopted pursuant to that Act.[1]

After further proceedings and addressing Soscia's Fourth Amended Complaint, on March 25, 2024, the district court dismissed the remaining federal claims which alleged violations of the Contract Clause, the Takings Clause, the Due Process Clause, and the Equal Protection Clause of the U.S. Constitution. Soscia Holdings, LLC v. Gray, 725 F. Supp. 3d 156, 170-183 (D.R.I. 2024). The court separately declined to exercise supplemental jurisdiction over the state law claims for "intentional interference with contractual relations" and "intentional interference with franchise/contractual right." Id. at 168, 183.

After the district court's second dismissal order, it is undisputed that the Town of Coventry perfected a condemnation of property previously owned by Soscia, including the Dam and Johnson's Pond, for just compensation of $157,000. The defendants then moved to dismiss this appeal for lack of appellate jurisdiction "over all or substantially all of Soscia Holdings, LLC's claims" or in the alternative, for "summary disposition

---

[1] Exhibit 14 to Soscia's Fourth Amended Complaint is a July 12, 2023, DEM Notice of Violation assessing a penalty of $23,000 and Soscia filed a June 6, 2024, DEM Notice of Violation assessing a penalty of $217,000 for continuing violations. Both parties represent that Soscia has contested these penalties under state law, as it is entitled to do, and that those proceedings were not entirely final as of the time of oral argument on this appeal.

affirming the decisions below." That motion was deferred to the oral argument panel, which heard argument on February 2, 2026.

At oral argument on this appeal, Soscia represented that it seeks prospective injunctive relief against defendants' ongoing enforcement actions and disputed that after Coventry's condemnation order it has no remaining property interest at all. Soscia also represented that it is pursuing its claim for declaratory relief that DEM has no jurisdiction to issue any orders enforcing the Permitting Act over Soscia's alleged rights (including presumably any final monetary penalties). Thus, Soscia has argued that both its prospective injunctive relief claims and declaratory judgment claims are not moot and that it continues to assert its claims of unconstitutionality as to any future administrative actions.

The district court's two well-reasoned opinions cogently explain why each of Soscia's federal claims fails to state a plausible claim for relief. We see no reason to repeat those well-done and fulsome analyses, and Soscia's new arguments on appeal are either waived or fail on plain error review. See Rockwood v. SKF USA Inc., 687 F.3d 1, 9 (1st Cir. 2012) ("Our case law is clear that 'arguments not raised in the district court cannot be raised for the first time on appeal.'" (quoting Sierra Club v. Wagner, 555 F.3d 21, 26 (1st Cir. 2009))); United States v. Duarte, 246 F.3d 56, 60 (1st Cir. 2001) ("Because [plaintiff] did not advance

this argument below, we review it for plain error."). We grant the defendants' alternative motion for affirmance based on the reasoning of the district court's opinions.

The judgment of the district court is **affirmed**.